**UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| SAMANTHA JAMES, )<br>)<br>   Plaintiff )<br>) **Case No.:**<br>   v. )<br>) **COMPLAINT AND DEMAND FOR**<br>CREDIT ACCEPTANCE ) **JURY TRIAL**<br>CORPORATION, )<br>) **(Telephone Consumer Protection**<br>   Defendant ) **Act)** | |

## COMPLAINT

SAMANTHA JAMES ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against CREDIT ACCEPTANCE CORPORATION ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. Defendant conducts business in the State of Michigan and as such, personal jurisdiction is established.

4.  Venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

**PARTIES**

5.  Plaintiff is a natural person residing in Detroit, Michigan 48228.

6.  Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7.  Defendant is a finance company with its main office located at 25505 West Twelve Mile Road, Southfield, Michigan 48034.

8.  Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

9.  Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

10. Plaintiff has a cellular telephone number that she has had for more than three years.

11. Plaintiff has only used this number as a cellular telephone number.

12. Defendant placed repeated harassing telephone calls to Plaintiff on her cellular telephone seeking to collect a vehicle loan balance.

13. When contacting Plaintiff on her cellular telephone, Defendant used an automatic telephone dialing system.

14. Plaintiff knew that Defendant's calls were automated as she would

regularly be greeted by an extended pause or delay prior to being transferred to Defendant's live agents.

15. Defendant's telephone calls were not made for "emergency purposes."

16. Shortly after the commencement of Defendant's harassing calls, Plaintiff spoke with Defendant and instructed Defendant to stop calling, revoking any consent Defendant may have had to call her on her cellular telephone.

17. However, Defendant ignored Plaintiff's instructions to stop calling and continued to call Plaintiff on her cellular telephone.

18. Once Defendant knew its calls were unwanted any further calls served no lawful purpose.

19. Defendant's calls were not for emergency purposes.

20. Plaintiff found Defendant's unwanted, incessant calls to be disturbing, distressing and intrusive throughout this time period.

21. Upon information and belief, Defendant conducts business in a manner which violates the Telephone Consumer Protection Act.

# COUNT I
# DEFENDANT VIOLATED THE
# TELEPHONE CONSUMER PROTECTION ACT

22. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

23. Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system without her express prior consent.

24. Defendant's calls to Plaintiff were not made for "emergency purposes."

25. Defendant's calls to Plaintiff after she revoked consent were not made with Plaintiff's prior express consent.

26. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

27. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

28. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and treble damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, SAMANTHA JAMES, respectfully prays for a judgment as follows:

    a.    All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

    b.    Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

    c.    Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

    d.    Injunctive relief pursuant to 47 U.S.C. § 227(b)(3); and

    e.    Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, SAMANTHA JAMES, demands a jury trial in this case.

PLAINTIFF'S COMPLAINT

RESPECTFULLY SUBMITTED,

DATED: July 10, 2019            KIMMEL & SILVERMAN, P.C.

By:*/s/ Amy L. Bennecoff Ginsburg*
Amy L. Bennecoff Ginsburg
Jacob U. Ginsburg
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Fax: (877) 788-2864
Email: teamkimmel@creditlaw.com